**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION**

| | | |
|---|---|---|
| BEVERLY DIFFEE,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC., a Rhode Island corporation, C.R. BARD, INC., a New Jersey Corporation, and TENET HEALTH SYSTEM, DI, INC., d/b/a DES PERES HOSPITAL, a Missouri Corporation,<br><br>Defendants. | ) | Civil Action No.: ____________ |

**ANSWER AND AFFIRMATIVE DEFENSES OF DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc. ("Defendants"), by and through their counsel, answer the plaintiff's Petition (the "Petition") as follows:

**PETITION FOR DAMAGES**

**COUNT I**

1. Paragraph 1 of the Petition contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Petition and therefore deny the same.

2. Davol admits that it is organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Bard admits that it is organized under the laws of the State of New Jersey with its principal place of business in New Jersey as well.

3. Davol admits that at various times it designed, manufactured, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies that it ever designed, manufactured, or sold the Composix® Kugel® Hernia Patch.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the allegations.

5. The allegations in Paragraph 5, including its subparts (a) and (b) are conclusions of law and no answer is required, to the extent an answer is required, Defendants deny the allegations.

6. The allegations in Paragraph 6 are conclusions of law and no answer is required; to the extent an answer is required, Defendants deny the allegations.

**COUNT II**

7. In response to Paragraph 7 of the Petition, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Petition.

8. Paragraph 8 of the Petition contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Petition and therefore deny the same.

9. Paragraph 9 of the Petition contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Petition and therefore deny the same.

10. Paragraph 10 and its subparts (a) and (b) of the Petition are conclusions of law regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants deny the allegations.

11. Paragraph 11 of the Petition are conclusions of law regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants deny the allegations.

**SEPARATE DEFENSES**

1. The Petition, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Defendants in whole or in part.

4. Defendant states that if Plaintiff has any product liability claims against defendant, which are denied, the same are barred or limited by some or all of the provisions of the Missouri Product Liability Act, R.S.Mo. §537.760, *et seq.*

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar plaintiff's claims in whole or in part.

7. Plaintiff's, or her agents', including her physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

8. If plaintiff used a product sold by Defendants, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

10. If plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, failure to mitigate damages or any other "fault" as defined in R.S.Mo. §537.765; it further states that such acts, omissions or fault bar recovery by plaintiff herein or in the alternative, if such acts, omissions or fault do not act as a complete bar, then such acts diminish plaintiff's rights to recover herein in an amount based upon plaintiff's relative degree of fault.

11. If plaintiff used a product sold by Defendants, plaintiff used the product for off-label purposes, which bars the plaintiff's claims.

12. The learned intermediary doctrine bars plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

17. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

18. Defendant states that if plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of plaintiff or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

21. Defendants have no legal relationship or privity with plaintiff and owes no duty to plaintiff by which liability could be attributed to it.

22. Plaintiff's causes of action are barred in whole or in part by plaintiff's own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

24. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Defendants product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in Article I of the Missouri Constitution.

27. To the extent that the applicable Missouri law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Missouri Constitution.

28. To the extent plaintiff's Petition seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Missouri and/or other applicable laws.

29. To the extent plaintiff's Petition seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Petition with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: May 30, 2007

Respectfully submitted,

Dennie Michelle Zankel USDC ED MO #96550
Kara Stubbs
Baker, Sterchi, Cowden & Rice, LLC
1010 Market Street, Suite 950
St. Louis, MO 63101
(314) 231-2925
(314) 231-4857 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
DAVOL INC. and C.R. Bard, INC.

Case 4:07-cv-01045-CEJ Document 5 Filed 05/30/2007 Page 9 of 9

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2007, a copy of the foregoing Answer and Affirmative Defenses was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Robert H. Pedroli, Esq.
Eric A. Rottencutter, Esq.
PEDROLI & GAUTHIER
7777 Bonhomme Avenue, Suite 2250
Clayton, MO 63105-1911

Attorneys for Plaintiff

Russell Makepeace
Sandberg, Phoneix & von Gontard, P.C.
One City Centre, 15th Floor
515 North 6th Street
St. Louis, MO 63101-1880
T 314.231.3332
F 314.241.7604

Attorneys for Tenet Health System, DI, Inc., d/b/a Des Peres Hospital

*via first-class mail, postage prepaid, and electronic notice*

Dennie M. Zankel